UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAREK LEE LATHAN, | ) | CASE NO. 3:05 CV 7459 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| ROB JEFFREYS, | ) | |
| | ) | |
| Respondent. | ) | |

On December 5, 2005, petitioner pro se Darek Lee Lathan filed the above-captioned in forma pauperis habeas corpus action under 28 U.S.C. § 2254. Lathan is incarcerated in an Ohio penal institution, having been convicted of robbery and aggravated robbery with a firearm specification, in 1999. He was denied a delayed appeal by the Ohio Supreme Court on November 9, 2005. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Persons in custody pursuant to a state court judgment must file any federal habeas

petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that Lathan exhausted all available remedies well over one year prior to the date he filed this action. His 2005 motion for delayed appeal cannot "retrigger" the § 2244 statute of limitations, six years after his conviction, for bringing a federal habeas action. Searcy v. Carter, 246 F.3d 515 (2001). Further, none of the circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred.

Accordingly, the request to proceed <u>in forma pauperis</u> is granted, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ David A. Katz
_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE